James David BOLAND and Diane
Thompson Boland,
Appellants,

v.

MUNDACA INVESTMENT
CORPORATION,
Appellee.

No. 03–97–00255–CV.

Court of Appeals of Texas,
Austin.

March 5, 1998.

Frank B. Suhr, New Braunfels, for Appellant.

Diana Estala Stevens, Balcom, Mann & Stevens, P.C., Houston, for Appellee.

Before ABOUSSIE, JONES and KIDD, JJ.

KIDD, Justice.

This appeal arises from a deficiency judgment against appellants James David Boland and Diane Thompson Boland ("Bolands") in favor of appellee Mundaca Investment Corporation ("Mundaca"). On appeal, the Bolands challenge the trial court's conclusion that they did not establish their affirmative defenses of accord and satisfaction and release. We will reverse the trial court's deficiency judgment and render a take-nothing judgment.

## BACKGROUND

On February 24, 1988, the Bolands executed a promissory note in favor of San Antonio Savings Association for $100,800 to purchase thirty-five acres of property in Comal County, Texas. The property served as collateral for the loan. The promissory note was then sold to Mundaca on April 22, 1992. After the Bolands missed several loan payments, Mundaca foreclosed on the collateral and sold the Bolands' property for $44,101.

On December 1, 1992, Mundaca's attorneys sent a letter to the Bolands which stated in relevant part:

> This firm has been retained by Mundaca Investment Corporation to collect the above-referenced past due debt and any information obtained will be used for that purpose. As you know, you signed a promissory note, promising to pay San Antonio Savings Association, $100,800.00. After the real property securing this note was sold at a foreclosure sale, the amount of $13,394.46 remains unpaid.
>
> Demand is hereby made upon you for the total amount due and payable.

Moreover, attached to the letter was a signed notice stating:

> After the net proceeds were acquired from the foreclosure sale held on September 1, 1992, the amount of remaining debt is $13,894.46, on the promissory note dated February 24, 1988. The amount bid at the foreclosure sale was $44,101.00 which was deducted from the total indebtedness. The total indebtedness includes the principle [sic] balance, interest accrued, late charges and other expenses incurred.

On December 10, 1992, the Bolands responded with a check payable to Mundaca in the amount of $13,894.46, and a letter stating:

> I am enclosing herewith my check in the amount of $13,894.46 which is the deficiency due per your letter of December 1, 1992. This check is tendered to you in full settlement of any and all claims of any nature against James David Boland and/or Diane Thompson Boland.

Additionally, the following statement was typed in all capital letters on the front of the check:

> VOID AFTER THIRTY (30) DAYS FROM THE DATE HEREOF
>
> . . .
>
> PAYMENT IN FULL, ALL CLAIMS VS. JAMES DAVID BOLAND AND DIANE THOMPSON BOLAND

Finally, typed in the endorsement section on the back of the check was this statement:

> IN FULL SETTLEMENT OF ANY AND ALL CLAIMS OF ANY NATURE AGAINST JAMES DAVID BOLAND AND DIANE THOMPSON BOLAND.

The check and letter were received by Mundaca's attorneys, who endorsed the check and forwarded it to Mundaca. Mundaca further endorsed the check and deposited it in its account. After a significant amount of time had passed, Mundaca realized that the monetary amount their lawyers had asked for and received was considerably less than the Bolands actually owed.[1] No explanation was, or ever has been, offered suggesting why Mundaca's attorneys believed the $13,894.46 amount was correct. Mundaca attempted to ameliorate this error by refunding the Bolands their $13,894.46, and demanding that they pay the actual remaining amount on the promissory note, which Mundaca contends is well over $40,000.00.[2] The Bolands refused to accept the refund or make any further payments.

Subsequently, Mundaca filed a deficiency action in the County Court at Law of Comal County. The Bolands pled as affirmative defenses accord and satisfaction and release. The trial court expressly rejected the Bolands' affirmative defenses on the basis of unilateral mistake. The trial court then granted a deficiency judgment for Mundaca. The Bolands appeal.

### DISCUSSION

In their first four points of error, the Bolands assert that the trial court erroneously failed to find that they established their affirmative defenses of accord and satisfaction and release as a matter of law.

■ To prevail on a defense of accord and satisfaction, a party must prove the existence of a new contract, express or implied, whereby the parties agree to discharge the existing obligation by payment of a lesser amount. See *Industrial Life Ins. Co. v. Finley*, 382 S.W.2d 100, 104 (Tex.1964). Because the instant case is so strikingly similar to *Indus-*

*trial Life*, we believe it is clear that the Bolands conclusively established their defense of accord and satisfaction.

In *Industrial Life*, a former employee sued his former company for past commission payments due to him. *Id.* at 102–03.

... I am enclosing herewith our check in the amount of $184.52 which is full and final settlement for the contingent commission due under our contract ...

The check had similar language on its face. The court determined that the company's letter and check "were a clear and unequivocal offer of an accord." *Id.* at 106. The court further determined that the act of the former employee in accepting and depositing the check, with full knowledge of the notations on its face, constituted acceptance of that accord.

■ In the instant case, the Bolands' December 10 letter is almost a verbatim recitation of the language found in *Industrial Life*. Furthermore, while *Industrial Life's* check had finality language appearing only on its face, the Bolands' check included such language on *both* the face of the check and in the endorsement section on the check's opposite side. This is clear and unequivocal evidence of an accord. When Mundaca's attorneys endorsed this check as final payment and forwarded it to Mundaca, who subsequently endorsed and deposited it, the acceptance of the offer was complete, and an accord and satisfaction was established as a matter of law.

■ However, even assuming that accord and satisfaction had not been accomplished, the Bolands assert that the trial court erred by not finding they conclusively established their affirmative defense of release. Release refers to a conclusive acknowledgment of satisfaction by one to whom an obligation is owed. *Priem v. Shires*, 697 S.W.2d 860, 863 n. 3 (Tex.App.—Austin 1985, no writ). Here, the Bolands conclusively proved that they offered Mundaca a check for the amount of $13,894.46 as *full and final*

---

1. There is no direct evidence in the record indicating exactly how much time elapsed before Mundaca realized its mistake. However, when the Bolands' counsel asked Mundaca's president Raymond Cutler whether it was over two months from when Mundaca had deposited the check, Cutler testified that he was unsure of the exact time frame. Cutler did admit that *some time* elapsed while Mundaca corresponded with its counsel to determine how to proceed. The rec-

ord contains no other evidence or testimony regarding this issue.

2. Interestingly, Mundaca has never been able to tell this Court the exact amount it claims the Bolands owe. Different amounts are reflected in the trial-court judgment, Mundaca's brief on appeal, and statements at oral argument.

*payment* of their obligation owed. Mundaca's acts of authorizing and depositing a check inscribed with such unambiguous language constituted an acknowledgment that this payment released any further obligations.

Mundaca's only defense to accord and satisfaction and release is to avoid these defenses on the grounds of unilateral mistake. *See Williams v. Glash,* 789 S.W.2d 261, 264 (Tex.1990) (because release is contractual, it is subject to avoidance on grounds of mistake); *Neeley v. Southwestern Inv. Co.,* 430 S.W.2d 465, 468 (Tex.1968) (accord and satisfaction contract may be avoided by defense of mistake). To prove unilateral mistake, Mundaca must show that (1) the mistake is of so great a consequence that enforcement of the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) *the mistake was made regardless of the exercise of ordinary care;* and (4) the parties can be placed in status quo in the equity sense. *See James T. Taylor & Son, Inc. v. Arlington Indep. Sch. Dist.,* 160 Tex. 617, 335 S.W.2d 371, 373 (1960). Irrespective of the factual or legal sufficiency of the evidence applicable to the other elements, Mundaca cannot prove that its mistake was made despite the use of ordinary care.

First, there is no evidence in the record explaining why Mundaca or its attorneys thought the $13,894.46 figure was correct. Further, there is no evidence showing that Mundaca researched the loan in question when faced with the conspicuous language typewritten on both sides of the check settling all claims against the Bolands. Finally, Mundaca did not explain why it took such a significant amount of time to discover its error. We hold under these circumstances that such careless investigation is negligence as a matter of law. *See Roland v. McCullough,* 561 S.W.2d 207, 213 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (contract may not be avoided on ground of mistake of fact where it appears that ignorance of facts was result of carelessness, indifference, or inattention). Therefore, because Mundaca cannot show unilateral mistake to avoid its contractual obligations under the defenses of accord and satisfaction and release, we conclude that the trial court erred in failing to find that the Bolands conclusively established these defenses. We sustain points of error one through four. We reverse the judgment in favor of Mundaca and render judgment that Mundaca take nothing.

Having sustained the Bolands' first four points of error and rendered a take-nothing judgment, we need not address their remaining points of error requesting a reduction of the deficiency judgment.