TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00435-CV






Thomas D. Oakland, Appellant



v.



Kenneth Wedeikes, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 233,396, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 Appellant, Thomas D. Oakland, appeals from a take-nothing judgment in his suit
to recover on a debt from appellee, Kenneth Wedeikes. We will affirm the judgment of the trial
court.


BACKGROUND

 Oakland and Wedeikes were friends for many years and engaged in a number of
business transactions. This dispute involves two loans from Oakland to Wedeikes as well as a
piece of residential real property that the two owned. In early summer of 1993, Oakland loaned
Wedeikes $10,000 and required Wedeikes to repay $11,000 in three months. In August, Oakland
advanced Wedeikes an additional $10,000 to be repaid in December 1993. On December 1, 1995,
Wedeikes conveyed certain real property to Oakland with the understanding that the property was
in satisfaction of his $21,000 obligation. Oakland accepted the deed with knowledge and
understanding that the conveyance was in satisfaction of the loans.

 In November 1996, Oakland filed suit seeking to recover his $21,000 loans to
Wedeikes. Wedeikes filed a counterclaim alleging that his conveyance of the real property to
Oakland had satisfied the debt. During the course of the bench trial, Wedeikes submitted an
amended pleading alleging that the $1,000 interest on the first loan was usurious.

 The trial court rendered judgment that Oakland take nothing on his original claim
and that Wedeikes take nothing on his counterclaim. In its Findings of Fact and Conclusions of
Law, the trial court found that the 40% interest charged on the first loan was usurious and
concluded that Oakland therefore could not recover. The trial court also found that Oakland's
acceptance of the real property had served as an accord and satisfaction so as to extinguish the
entire $21,000 debt. Oakland appeals the trial court's judgment on two issues, contending that
the usury found by the trial court was cured and that there is insufficient evidence to support the
legal conclusion that the transfer of the property acted as an accord and satisfaction so as to
extinguish Wedeikes's debt.


DISCUSSION


 In his second issue, Oakland challenges the trial court's legal conclusion that the
transfer of the property from Wedeikes to Oakland qualified as an accord and satisfaction on the
$21,000 debt.


Standard of Review

 The trial court's conclusions of law are always reviewable. See Middleton v.
Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal
theory supported by the evidence. See Simpson v. Simpson, 727 S.W.2d 662, 664 (Tex.
App.--Dallas 1987, no writ). Incorrect conclusions of law will not require reversal, however, if
the controlling findings of fact will support a correct legal theory. See Valencia v. Garza, 765
S.W.2d 893, 898 (Tex. App.--San Antonio 1989, no writ). Moreover, conclusions of law may
not be reversed unless they are erroneous as a matter of law. See Mercer v. Bludworth, 715
S.W.2d 693, 697 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.).


Accord and Satisfaction

 This case is analogous to a line of accord and satisfaction cases in which a check
is tendered from debtor to creditor with the representation that the amount of the check satisfies
the debtor's total liability to the creditor. See, e.g., Boland v. Mundaca Corp., 978 S.W.2d 146
(Tex. App.--Austin 1998, no pet.). In those cases, the creditor who receives the check is faced
with two choices: accept the check in full satisfaction of the debt or refuse the check and maintain
a cause of action against the debtor. See Root & Fehl v. Murray Tool Co., 26 S.W.2d 189, 191
(Tex. Comm'n App. 1930, judgm't adopted). If the creditor accepts the check with the knowledge
that it represents full payment, the creditor is unable to seek additional monies even if there was
no express agreement between the parties that there was to be an accord and satisfaction. See id.;
see also Pileco, Inc. v. HCI, Inc., 735 S.W.2d 561, 562 (Tex. App.--Houston [1st Dist.] 1987,
writ ref'd n.r.e.).

 Wedeikes testified that he intended the transfer of the deed to extinguish his liability
to Oakland. Oakland testified that he was aware that Wedeikes intended that the transfer of real
property would discharge his debt at the time he received and accepted the deed. While the deed
did not contain a recitation that it represented the full satisfaction of Wedeikes's liability, Oakland
admitted that he was aware of Wedeikes's intent. A condition on acceptance need not be explicit
and may be inferred from circumstances and the debtor's conduct clearly indicating that acceptance
is to discharge the entire debt. See Call of Houston, Inc. v. Mulvey, 343 S.W.2d 522, 526 (Tex.
Civ. App.--Houston 1961, no writ). Because Oakland was aware of Wedeikes's intent and of the
condition placed on acceptance, the tender of the deed can be characterized as an offer of accord. 
By accepting the deed with knowledge of Wedeikes's conditions, Oakland accepted the offer of
accord, and the completion of the transfer by his acceptance represented satisfaction. On these
facts, we agree with the trial court's conclusion of law; appellant's second issue is overruled.

 The trial court's judgment can be sustained on the basis that transfer and acceptance
of the real property served as an accord and satisfaction of the debt. Accordingly, we need not
address appellant's challenge to the trial court's finding of usury.

CONCLUSION


 The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: April 22, 1999

Do Not Publish















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



DISCUSSION


 In his second issue, Oakland challenges the trial court's legal conclusion that the
transfer of the property from Wedeikes to Oakland qualified as an accord and satisfaction on the
$21,000 debt.


Standard of Review

 The trial court's conclusions of law are always reviewable. See Middleton v.
Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal
theory supported by the evidence. See Simpson v. Simpson, 727 S.W.2d 662, 664 (Tex.
App.--Dallas 1987, no writ). Incorrect conclusions of law will not require reversal, however, if
the controlling findings of fact will support a correct legal theory. See Valencia v. Garza, 765
S.W.2d 893, 898 (Tex. App.--San Antonio 1989, no writ). Moreover, conclusions of law may
not be reversed unless they are erroneous as a matter of law. See Mercer v. Bludworth, 715
S.W.2d 693, 697 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.).


Accord and Satisfaction

 This case is analogous to a line of accord and satisfaction cases in which a check
is tendered from debtor to creditor with the representation that the amount o