# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00609-CV

### Hunt, Hopkins & Mitchell, Inc. d/b/a Hunt & Associates, Inc., Appellant

### v.

### Facility Insurance Corporation and Texas Department of Insurance, Appellees

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN002693, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

---

Appellant Hunt, Hopkins & Mitchell, Inc. d/b/a Hunt & Associates, Inc. (AHunt@) appeals two summary judgments granted May 9, 2001, and October 4, 2001, in favor of Facility Insurance Corporation (Athe Facility@) and the Texas Department of Insurance (ATDI@), respectively.[1] In three issues, Hunt contends that the district court erred by granting summary judgment because (1) TDI=s Rules and Regulations Governing Pool and Servicing Companies of Assigned Risks (the Rules and Regulations) do not bar Hunt from recovering additional commissions, (2) the Facility=s Procedural Handbook (Athe Handbook@) is not binding on Hunt, and (3) Hunt=s cause of action is not barred by limitations.[2] In its fourth issue, Hunt contends that the district court erred by denying

---

[1] On March 5, 2002, Hunt filed an amended notice of appeal that included both the May 9 and October 4 orders.

[2] The Facility did not respond in its brief to Hunt=s limitations challenge and made no attempt to defend the judgment on the basis that Hunt=s action was barred by limitations; at oral argument, counsel for the Facility conceded the weakness of its limitations ground.

Hunt=s request for continuance of the Facility=s summary judgment hearing. We will affirm the judgment of the district court.

## BACKGROUND

Hunt was the agent of record for workers= compensation insurance policies issued by the Facility to Mobley Industrial Painters, Inc. (AMIP@). All agents, including Hunt, were paid a commission by the Facility based on a formula developed by the Governing Committee of the Texas Workers= Compensation Assigned Risk Pool. MIP did not pay all of the premiums due under its policies, and the Facility sued MIP to recover those unpaid premiums. The parties eventually reached a settlement, and the Facility refused to pay Hunt commissions on the additional sums obtained as a result of that settlement.[3]

On September 11, 2000, Hunt filed suit against the Facility alleging breach of contract for refusing to pay commissions on those premiums recovered through the Facility=s settlement with MIP. On March 7, 2001, the Facility filed a motion for summary judgment. Among the bases stated in its motion, the Facility contended that Hunt is bound by the Rules and Regulations adopted by TDI, which Aprovide in pertinent part, that an agent is only entitled to an additional commission upon final audit and only in the event that the premiums are not referred to the Facility for collection,@ and that accordingly Hunt was not entitled to additional commissions. The Facility also argued that there was no evidence to support Hunt=s breach of contract claim because (1) Hunt

_____

[3] It is undisputed that the Facility paid Hunt commissions on those premiums paid by MIP before being referred for collection.

Acannot demonstrate that it performed under any contract,@ (2) AHunt has not, and cannot point to any contract that was breached by the Facility,@ and (3) Athere is no evidence that Hunt sustained any damages from an alleged contractual breach.@

On March 21, 2001, Hunt filed its second amended original petition requesting declaratory relief and adding TDI as a party to the suit. *See* Tex. Gov=t Code Ann. ' 2001.038(c) (West 2000) (requiring state agency to be made party to declaratory judgment action requesting determination of validity or applicability of rule). Specifically, Hunt requested declaratory judgment that only the provisions of the Rules and Regulations were enforceable and not the Handbook because its provisions did not apply to the agreement between Hunt and the Facility. Hunt also requested declaratory judgment that the applicable provision of the Rules and Regulations Ameans payment in full of all premiums determined to be due by either a court of competent jurisdiction or pursuant to a settlement agreement between [the Facility] and one of its policyholders.@

On March 22, 2001, Hunt filed its response to the Facility=s motion for summary judgment, contending that (1) Aunder [the Rules and Regulations] Plaintiff should be paid commissions on all additional premiums collected by Defendant,@ and (2) Aagents such as the Plaintiff are not subject to the provisions of the [Handbook].@ On April 10, Hunt filed a supplemental response to the Facility=s motion admitting that the Rules and Regulations were binding on Hunt, but contending that the provisions of the Handbook applied only to servicing carriers and not to agents. On April 18, Hunt filed a second supplemental response to the Facility=s motion for summary judgment and presented as evidence the preamble to the Handbook, which states:

> The Procedural Handbook must be in conformity with the By-Laws and Rules and
> Regulations of the Texas Workers=Compensation Assigned Risk Pool. If any parts of

this Handbook are in conflict with the By-Laws or the Rules and Regulations of this Pool, such By-Laws or such Rules and Regulations shall govern.

Hunt presented the preamble as evidence that the Facility Ahas recognized that it may not create procedures which are not in harmony with its bylaws or rules and regulations approved by [TDI].@ After a hearing on the motion on May 9, the district court signed an order granting the Facility=s motion for summary judgment. The order does not specify the grounds for the summary judgment.

On September 10, TDI filed a motion for summary judgment contending that because the district court granted the Facility=s motion for summary judgment, there was no underlying case in controversy requiring TDI to be joined as a party to the suit. On October 4, the district court granted TDI=s motion for summary judgment.

## STANDARD OF REVIEW

Because the propriety of a summary judgment is a question of law, we review the trial court=s decision *de novo. Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep=t of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.CAustin 1999, no pet.). The standards for reviewing a traditional motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The summary judgment is

affirmable on appeal if any ground asserted in the motion is a valid basis for rendering summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

## DISCUSSION

### *Summary Judgment*

In its first issue, Hunt contends that the district court erred by granting summary judgment because the Rules and Regulations do not bar it from recovering additional commissions. It is undisputed that the Rules and Regulations have been approved and adopted by TDI and are binding on the parties. The controlling provision in this case is found in Section XI of the Rules and Regulations: AAdditional commissions shall be paid only after each annual final audit and payment in full of all premiums due the Pool.@[4]

Hunt contends Section XI is unambiguous and should be given its plain meaning. The Facility pursued collection of the premiums owed by MIP and eventually settled the dispute. Hunt argues that the settlement agreement between the Facility and MIP constitutes an accord, and that MIP=s payment according to the settlement terms constitutes a satisfaction. Therefore, Hunt concludes that according to the plain language of Section XI, no premiums remain due, the Facility was Apaid in full,@ and Hunt is entitled to commissions on the settlement proceeds.

We first note that Hunt failed to raise the issue of accord and satisfaction in any of its summary judgment responses; therefore, the issue is not preserved for appeal. *See* Tex. R. Civ. P.

---

[4] The Facility succeeded the Pool on January 1, 1991. *See* Act of Dec. 11, 1989, 71st Leg., 2d C.S., ch. 1, ' 17.09, 1989 Tex. Gen. Laws 117.

166a(c) (AIssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.@). However, even if Hunt had preserved the issue, it could not prevail because accord and satisfaction constitutes an affirmative defense. *See* Tex. R. Civ. P. 94; *Boland v. Mundaca Inv. Corp.*, 978 S.W.2d 146, 148 (Tex. App.CAustin 1998, no pet.) (ATo prevail on a defense of accord and satisfaction, a party must prove the existence of a new contract, express or implied, whereby the parties agree to discharge the existing obligation by payment of a lesser amount.@).

An accord is an agreement where one party agrees to give or perform something different from what it is obligated to perform, and the other party agrees to accept the substituted performance in satisfaction of the obligation. *Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 674 (Tex. App.CTexarkana 1996, no writ). A satisfaction is the performance of such an agreement. *Id.* Hence, an accord and satisfaction occurs when parties make an agreement to discharge a disputed obligation by a lesser or different payment that is tendered and accepted. *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969). Assuming without deciding that the settlement agreement between the Facility and MIP constitutes an accord and satisfaction as between them, Hunt was not a party to that agreement and cannot assert the affirmative defense of accord and satisfaction offensively.

In effect, Hunt is attempting to assert a claim as a third party beneficiary of the alleged accord and satisfaction between the Facility and MIP. In order to be a third party beneficiary of a settlement agreement, the third party must establish the existence of the settlement and its right to enforce the agreement. *See Paragon Sales Co. v. New Hampshire Ins. Co.*, 774 S.W.2d 659, 660 (Tex. 1989). Because Hunt does not contend and the record does not reflect that it could enforce the

**6**

settlement between the Facility and MIP, it is not a third party beneficiary. Even if it had raised the issue of accord and satisfaction below, Hunt could not invoke that affirmative defense as a third party beneficiary.

Without regard to the parties= dispute concerning the binding effect of the Handbook, the Facility moved for summary judgment on the basis that Section XI requires paying commissions only on premiums determined to be due upon final audit and paid in full. Hunt=s only challenge on this issue is limited to its argument that it is entitled to be paid as a result of the accord and satisfaction settlement between MIP and the Facility. We hold that the plain language of Section XI provides that Hunt is not entitled to commissions on those funds obtained as a result of the settlement agreement. Hunt=s first issue is overruled. Because the district court properly granted summary judgment on this issue, we do not reach Hunt=s second and third issues. *See* Tex. R. App. P. 47.1.[5]

### *Motion for Continuance*

In its fourth issue, Hunt contends that even if the district court properly granted summary judgment, the court abused its discretion by denying Hunt=s request for a continuance of the hearing on the Facility=s motion for summary judgment. In its March 22, 2001, response to the

---

[5] Hunt claims in its brief and March 5, 2002, amended notice of appeal that it is appealing both the summary judgment in favor of TDI as well as the one in favor of the Facility. However, none of its issues on appeal addresses the summary judgment in favor of TDI. Further, because we hold that the district court did not err by granting the Facility=s motion for summary judgment, TDI=s motion for summary judgment was properly granted as well.

Facility=s motion for summary judgment, Hunt requested that the hearing on the motion be continued until it had an opportunity to conduct further discovery. Specifically, Hunt argued that it was entitled to a continuance (1) to obtain certain affidavits to support its response; (2) to depose Jeff Elder, whose affidavit was filed with the Facility=s motion for summary judgment; and (3) because TDI had been joined in the action. The district court denied Hunt=s motion for continuance in its order granting the Facility=s motion for summary judgment.

The grant or denial of a motion for continuance is within the trial court=s sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A trial court abuses its discretion only when it acts unreasonably or arbitrarily, without reference to any guiding principles. *Id.*; *Pape v. Guadalupe-Blanco River Auth.*, 48 S.W.3d 908, 913 (Tex. App.CAustin 2001, pet. denied). Hunt=s motion for continuance requested time for additional discovery on the following facts:

(a)  that the Defendant settled the lawsuit [with MIP].

(b)  that through the settlement, the Defendant collected additional premiums on policies for which Plaintiff was producer of record.

(c)  that all amounts due under the settlement were paid in full to the Defendant.

(d)  that the settlement amounts due were paid in full on or about June 24, 1998.

(e)  that the provisions of [the Handbook] relied upon by the Defendant to refuse to pay additional commissions to Plaintiff were never approved or adopted by the TDI as required by Article 5.76-2.

(f)  that the provisions of [the Handbook] were not sent to Plaintiff.

(g)  that the Defendant never notified the Plaintiff that it would not receive additional commissions if unpaid premiums were paid only after resorting to collection efforts.

8

(h)  why the proposed rules placing certain restrictions on commission payments were never proposed to the TDI or adopted thereby.

(i)  the specific amount which Defendant claims was due and payable on the policies in question.

(j)  the basis for the Defendant=s assertion that not all premiums due were in fact paid on the policies in question.

Parts (a), (b), (c), and (d) were not in dispute at the time the district court granted the Facility=s motion for summary judgment. Further, in light of our holding that summary judgment was proper because the plain language of Section XI does not require payment of premiums on those commissions recovered as a result of collection actions, parts (e), (f), (g), (h), and (i) are immaterial to Hunt=s ability to respond to the Facility=s motion. Finally, part (j) is included in the Facility=s motion for summary judgment.

In its motion for continuance, Hunt complained that it requested the Facility to Aprovide it with dates for depositions of various individuals identified by the Defendant as persons with relevant knowledge. One of the individuals was Jeff Elder. The Defendant ignored Plaintiff=s request and filed its motion for summary judgment and *supports it with the affidavit of Jeff Elder*.@ Hunt argued that it needed a continuance because A[w]hen Plaintiff attempted to schedule a deposition of Mr. Elder (prior to its response being due), the Defendant claimed unavailability and filed a motion to quash.@

In its motion to quash, the Facility asserted that APlaintiff unilaterally noticed the deposition of Mr. Elder without reaching a mutually agreeable time and/or date for this deposition to be taken. Had Plaintiff=s counsel bothered to confer with the undersigned, he would have discovered that the undersigned currently has depositions scheduled on the same date.@ The motion further stated, AThe undersigned is

currently available for the deposition of Mr. Elder to be conducted during the week of April 9, 2001, save and except April 13, 2001, which is Good Friday, and the week of April 16, 2001.@ Hunt does not contend that it made further unsuccessful attempts to depose Elder. The dates suggested in the Facility=s motion to quash were in advance of both the April 19, 2001 hearing and the May 9, 2001 order granting the Facility=s motion for summary judgment.

The ten sets of facts set out in Hunt=s motion for continuance had no material bearing on its ability to respond to the Facility=s motion, and the record does not reflect that Hunt was denied an adequate opportunity to depose Elder in advance of the district court=s hearing or order granting summary judgment. Further, Hunt failed to explain in its motion for continuance why the joining of TDI to the suit impaired its ability to respond to the Facility=s motion for summary judgment. Because we cannot say that the district court abused its discretion in denying Hunt=s motion for continuance, its fourth issue is overruled.

## CONCLUSION

We overrule Hunt=s complaints on appeal. We therefore affirm the judgment of the district court.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

**10**

Filed: May 2, 2002

Publish