# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00629-CV

**Joseph Rome, Appellant**

**v.**

**Eugene Burden, Michel Cabello, Angela Phillips, and Sareta Davis, Appellees**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. GN002469, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

Appellant Joseph Rome, a former inmate, sued appellees Eugene Burden, Michel Cabello, Angela Phillips, and Sareta Davis, employees of the Parole Division of the Texas Department of Criminal Justice, seeking a declaratory judgment that his Fourth Amendment rights were violated when the Texas Parole Board (Athe Board@) required him to submit a DNA sample. *See* Tex. Gov=t Code Ann. ' 411.148 (West Supp. 2002). Appellees filed a motion for summary judgment asserting the affirmative defenses of sovereign immunity and qualified immunity. The trial court granted the motion, and Rome appeals to this Court *pro se* and *in forma pauperis* contending that the attorney general lacks the authority to represent appellees in the present case, that the answers to his petition submitted by appellees are invalid, and that the trial court erred in granting appellees= motion for summary judgment. We will affirm the trial court=s judgment.

## BACKGROUND

As a parolee and former inmate of the Texas Department of Criminal Justice, the Board required Rome to submit a DNA sample. Following the taking of his sample, Rome filed suit alleging that he did not give his sample voluntarily, but was subject to oppression and coerced into providing the sample. He contends that this action constituted an unlawful search and seizure in violation of his rights under the Fourth Amendment to the United States constitution.[1] He asserted his claim under 42 U.S.C.A. ' 1983 (West Supp. 2002) (Asection 1983@). In response, appellees filed a motion for summary judgment claiming sovereign and qualified immunity.[2] The trial court granted the motion, and Rome filed this appeal.

## STANDARD OF REVIEW

---

[1] Rome also asserted that his constitutional rights were violated by the loss of his Agood-time@ credit and by the requirement that he register as a sex offender. He did not sufficiently develop these arguments in the trial court below or on appeal, and we are unable to discern his complaints.

[2] Rome also asserted a claim under the Texas Tort Claims Act, and appellees asserted an affirmative defense under this Act; however, Rome dropped this claim on appeal.

Because the propriety of a summary judgment is a question of law, we review the trial court=s decision *de novo.  Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Hunt, Hopkins & Mitchell, Inc. v. Facility Ins. Corp.,* 78 S.W.3d 564, 567 (Tex. App.CAustin 2002, pet. denied).  The purpose of summary judgment is not to deprive a litigant of the right to trial by jury, but to eliminate patently unmeritorious claims.  *City of Clear Creek Basin Authority*, 589 S.W.2d 671, 678 n.5 (Tex. 1979).  The standards for reviewing a traditional motion for summary judgment are well established:  (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.  *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  To demonstrate entitlement to judgment as a matter of law, the movant must show either that one of the elements of the plaintiff=s cause of action does not exist or that all elements of an affirmative defense are conclusively established.  *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991).  Appellees contend that they are entitled to summary judgment on both grounds.

## DISCUSSION

We will first address Rome=s complaints regarding the authority of the attorney general to represent appellees in the present case and the validity of appellees= answer to his petition.

**Authority of Attorney General to Represent Appellees**

3

Rome contends that a conflict of interest exists when assistant attorneys general represent governmental employees. He contends that under Article 6 of the United States constitution all executive officers of the several states must support the federal constitution. Because he contends appellees have violated the constitution, he further contends it would be a further violation of the constitution for the attorney general to defend appellees. To reach this conclusion, however, he must put the cart before the horse; he must *presume* appellees have violated the constitution. We are unwilling to make this presumption. Furthermore, Texas law *requires* the attorney general to defend public servants against claims for violations of a person=s federal constitutional rights such as the violations Rome alleges under section 1983. *See* Tex. Civ. Prac. & Rem. Code '' 104.002-.004 (West 1997 & Supp. 2002). Accordingly, the attorney general acted properly in representing appellees in the present case; Rome=s claim that the attorney general lacked authority is without merit.

**Appellees= General Denial**

Rome asserts that his right to due process was violated and the trial court committed reversible error when it permitted appellees to file a general denial; he contends that appellees did not Aaddress [his] petition in full.@ We disagree. The Texas Rules of Civil Procedure indicate the manner in which a defendant may respond in an original answer. Tex. R. Civ. P. 85. Rule 85 specifically provides that an answer may consist of, among other items, a general denial and affirmative defenses. The record reflects that appellees filed answers that included a general denial, admissions, special denials, and

4

affirmative defenses.[3]  The appellees= answers contained more than the minimum amount of information necessary under rule 85.  Accordingly, Rome=s claim that appellees failed to fully address his petition is without merit.

**Summary Judgment**

Appellees alleged that they were entitled to summary judgment based on sovereign immunity to the extent they were sued in their official capacities.  The supreme court has held that neither a state nor its officials, while acting in their official capacities, are Apersons@ who may be liable under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Harrison v. Texas Dept. of Crim. Justice*, 915 S.W.2d 882, 889 (Tex. App.CHouston [1st Dist.] 1995, no writ).  As a result, any claim asserted by Rome under section 1983 cannot be maintained against appellees in their official capacity.  Accordingly, the trial court did not err in granting summary judgment on this basis.

---

[3] Burden and Cabello filed their answer on September 20, 2000; Phillips and Davis filed a separate answer and plea to the jurisdiction on October 18, 2000.

Appellees also alleged they were entitled to summary judgment based on qualified immunity. If a government official performing a discretionary function does not violate a clearly established statutory or constitutional right of which a reasonable person would have known, that official is shielded from liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Rome did not contest appellees= assertion of qualified immunity. In fact, the record reflects that he admitted appellees were acting in good faith, under color of state law. Rather, the record reflects that Rome contends appellees were not acting in an official capacity. However, this argument is not clearly articulated in his briefs to this Court or in the record. As clearly as we can discern, he argues that appellees did not have authority to require the taking of his DNA sample because he was a parolee at the time, rather than an inmate. We conclude, however, that it is not necessary to reach this issue. Qualified immunity is an affirmative defense. We need only reach this issue if there is a clearly established statutory or constitutional right violated. Rome has not alleged any violation of a statutory right. The only violation alleged by Rome is a Fourth Amendment constitutional violation. But he does not explain the facts that support his case. Rather, he argues generally that under section 411.148, the taking of a DNA sample from a parolee constitutes an unconstitutional search and seizure. We conclude from our research, however, that no constitutional violation exists under this general circumstance. In analyzing the federal statute requiring the collection of DNA samples from inmates, parolees, and those on probation,[4] federal courts have engaged in a balancing test and determined that the DNA collection procedure advances a legitimate governmental and public interest and the intrusion into the felons= privacy is reasonable in light of

---

[4] 42 U.S.C. ' ' 14135-14135e (West Supp. 2002) (DNA Analysis Backlog Elimination Act of 2000). This statute is substantially similar in purpose to section 411.148. *See* Tex. Gov=t Code Ann. ' 411.143 (West 1997).

that interest. *Groceman v. United States Dept. of Justice*, No. 3:01-CV-1619-G, 2002 U.S. Dist. LEXIS 11491, at *9 (N.D. Tex. June 26, 2002). In other words, having the status of a parolee confers no greater protection than that provided to inmates under the Fourth Amendment with respect to the collection of a DNA sample. Because this is the only basis for which Rome alleged a constitutional violation, we conclude that the trial court correctly granted summary judgment. Furthermore, as Rome did not establish the predicate constitutional violation, we need not reach the issue of qualified immunity.

## CONCLUSION

Based on the foregoing analysis, we conclude that the trial court did not err in granting summary judgment. Accordingly, we overrule Rome=s issues[5] and affirm the trial court=s judgment.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   October 31, 2002

Do Not Publish

---

[5] To the extent we were unable to discern the nature of Rome=s complaints regarding Agood-time@ credit and sex offender registration, those issues are overruled.

7