Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00782-CV

____________

 

CLYDE T.
NASSIF, Appellant

 

V.

 

BANK OF
AMERICA, N.A., Appellee

 



 

On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 787,870

 



 

M E M O R A N D U M   O P I N I O N

Clyde T. Nassif, appellant, filed
this appeal, pro se,  to set aside the
default judgment rendered against him. 
Bank of America, appellee, brought suit against Nassif on an overdue
credit card account.  On appeal, Nassif
argues he did not receive notice of the action brought against him, and
alternatively, that the default judgment was in error because his credit
account with Bank of America had been closed.  
Nassif alleges that his last payment was made with a check marked, Apayment
in full,@ and any
outstanding debt was discharged when the bank cashed the check. We affirm.  








Nassif was served with substitute
service pursuant to Rule 106 of the Texas Rules of Civil Procedure.   However, Nassif did not file an answer.  A default judgment was rendered against
Nassif for $5,993.82 plus attorney fees of $1,997.94 on June 23, 2003.  Nassif filed his notice of appeal on July 8,
2003.

 Citing the Supreme Court of the United States,
Nassif asserts that his due process rights were violated when he did not
receive notice of the pending suit.  Mullane
v. Cent. Hanover Bank, 339 U.S. 306 (1950). 
Specifically, Nassif argues that because Bank of America had his home
address and telephone number, substitute service was unncessary.  

Due process only requires that the method used to
serve a defendant be reasonably calculated, under the circumstances, to apprise
him of the pending action.  Peralta v.
Heights Med. Ctr., 485 U.S. 80, 84 (1988). 
Rule 106 of the Rules of Civil Procedure authorizes substitute service
upon a motion supported by an affidavit describing the unsuccessful attempts to
reach the defendant at his home, workplace, or other location where he can be
found.   The court may authorize service
in the following manner:

(1) by leaving a true copy of the citation, with a
copy of the petition attached, with anyone over sixteen years of age at the
location specified in such affidavit, or (2) in any other manner that the
affidavit or other evidence before the court shows will be reasonably effective
to give the defendant notice of the suit. 

Tex. R. Civ. P. 106(b).  








After repeated attempts to serve
Nassif, Bank of America filed a motion for substituted service pursuant to Rule
106 of the Texas Rules of Civil Procedure. 
In support of its motion, Bank of America attached the sworn affidavit
of its process server, which indicates compliance with Rule 106.  Specifically, the process server=s
affidavit details four different visits to Nassif=s
apartment, verification of Nassif=s address
with the apartment manager, and an attempt to contact Nassif via telephone, and
the leaving of a telephone message.   The
trial court=s order permitted Bank of America
to complete service by either delivering a true copy of the citation and
original petition to a person over sixteen at Nassif=s listed
address or by attaching the documents to the front door of Nassif=s apartment.  The affidavit of service completed by the
process server indicates that the documents were affixed to Nassif=s
apartment door on April 19, 2003.  Nassif
fails to point to any evidence in the record refuting the facts recited in the
affidavit. 

We acknowledge that a default
judgment cannot withstand a direct attack where the defendant alleges that he
was not served in strict compliance with the Rules of Civil Procedure.  Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990).  AThere are
no presumptions in favor of valid issuance, service, and return of citation@ in a
direct attack.  Uvalde Country Club v.
Martin Linen Supply, Co., 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).  The service of process is invalid and without
effect if there is not strict compliance. 
Id.  However, Nassif does
not assert a failure to strictly comply with the Rules of Civil Procedure; he
merely asserts that the use of substitute service was improper.  Finding no evidence to support this
allegation, we overrule Nassif=s first
point of error.    

In his second point of error,
Nassif argues that by writing upon his check Apayment
in full@ he
discharged any further obligation to Bank of America under the principles of
accord and satisfaction.   The defense of
accord and satisfaction requires Aa new
contract, express or implied, in which the parties agree to the discharge of
the existing obligation by means of the lesser payment tendered and accepted.@  Jenkins v. Beck, 449 S.W.2d 454, 455
(Tex. 1969).








A claim may, under some
circumstances, be impliedly discharged under the defense of accord and
satisfaction where the person against whom a claim is asserted makes payment
with an instrument, i.e., a check, that contains Aa
conspicuous statement to the effect that the instrument was tendered as full
satisfaction of the claim,@ and such
instrument is accepted, i.e., cashed or deposited, by the claimant.  Tex.
Bus. & Com. Code Ann. ' 3.311(b)
(Vernon 2002).  However, accord and
satisfaction is an affirmative defense and must be supported by evidence
whether express or implied.  Hunt,
Hopkins & Mitchell, Inc. v. Facility Ins. Corp., 78 S.W.3d 564, 568
(Tex. App.CAustin 2002, pet. denied).  Here, the check that allegedly contains the
notation Apayment in full@ was
never introduced into evidence. 
Accordingly, there is no evidence, express or implied, to support Nassif=s
affirmative defense which is raised for the first time on appeal.  Nassif=s second
point of error is overruled.  

The judgment of the trial court
is affirmed.

 

 

/s/        J. Harvey Hudson

Justice

 

Judgment rendered and Memorandum Opinion filed March 30, 2004.

Panel consists of Justices Yates, Hudson, and Fowler.